# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD JOSE GRIEGO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CLIFF ALLENBY, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:11-cv-01676-SKO PC<br><br>FIRST SCREENING ORDER DISMISSING FOURTH AMENDMENT CLAIM WITH PREJUDICE AND GRANTING LEAVE TO AMEND REMAINING CLAIMS<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

**First Screening Order**

**I.      Screening Requirement and Standard**

　　　Plaintiff Leonard Jose Griego, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 4, 2011.  The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

　　　A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II. Discussion

### A. Summary of Allegations

Plaintiff, a civil commitment patient at Coalinga State Hospital (CSH) in Coalinga, California, alleges that Defendants Cliff Allenby, Acting Executive Director of the Department of Mental Health; Pam Ahlin, Executive Director of CSH; Ron Harmon, Chief of Hospital Police at CSH; and Sergeant Jerry Duvall violated his rights under the federal and state constitutions.

On September 16, 2011, six hospital police officers and a psychiatric technician, under the direction of Defendant Duvall, entered Plaintiff's room, informed him that they suspected he may have an internet device, searched his room, and videotaped the search – all without his permission. Defendant Duvall confiscated Plaintiff's Portable Playstation, power cord, DVDs, and a USB storage device that had been given to Plaintiff minutes earlier by another patient. Defendant Duvall informed Plaintiff that they would return the property that day, but it continues to be held under the guise of an investigation.

Plaintiff alleges claims based on an unreasonable search and seizure under the Fourth Amendment, the denial of due process and equal protection under the Fourteenth Amendment, and the invasion of privacy, which also falls within the protection of the Fourteenth Amendment. Plaintiff seeks damages and injunctive relief.

### B. Defendants Allenby, Ahlin, and Harmon

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of *respondeat*

*superior*, Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235, and as executives, administrators, or supervisors, Defendants Allenby, Ahlin, and Harmon may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to Defendants. Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff's complaint is devoid of any factual allegations linking Defendants Allenby, Ahlin, and Harmon to the violation of his federal rights. Therefore, Plaintiff fails to state a claim against them under section 1983.

**B.     Defendant Duvall**

   **1.     Fourth Amendment Claim**

The Fourth Amendment prohibits unreasonable searches. Bell v. Wolfish, 441 U.S. 520, 558, 99 S.Ct. 1861 (1979); Byrd v. Maricopa County Sheriff's Office, 629 F.3d 1135, 1140 (9th Cir. 2011); Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). For the Fourth Amendment to apply, there must be a "reasonable expectation of privacy in the area invaded." Espinosa v. City and County of San Francisco, 598 F.3d 528, 533 (9th Cir. 2010); Hudson v. Palmer, 468 U.S. 517, 525, 104 S.Ct. 3194 (1984); Bell v. Wolfish, 441 U.S. 520, 556-57, 99 S.Ct. 1861 (1979).

In this instance, Plaintiff's room at CSH was searched based on the suspicion that he had contraband, although none was found. Plaintiff contends that because a search warrant for his room was not obtained, his rights under the Fourth Amendment were violated.

While Plaintiff is not a convicted criminal, he is involuntarily serving a civil commitment term at a secure facility; he is not a free individual with a full panoply of rights. Civil detainees are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish, Youngberg v. Romeo, 457 U.S. 307, 322, 102 S.Ct. 2452 (1982) (quotation marks omitted), but maintaining facility security and effectively

managing the facility are unquestionably legitimate, non-punitive government interests, Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004) (quotation marks omitted).

The contours of an involuntarily confined civil detainee's right to privacy in his room in a secure treatment facility are unclear, but assuming Plaintiff retains *any* reasonable expectation of privacy at all in his room at CSH, it would necessarily be of a diminished scope given Plaintiff's civil confinement. See Bell, 441 U.S. at 556-57 (discussing detainee's expectation of privacy in cell or room at detention facility). Here, Plaintiff's claim arises from a room search which was initiated based on the suspicion that Plaintiff had contraband. Whatever diminished expectation of privacy Plaintiff may have in his room at CSH, it cannot extend so far as to encompass an expectation of privacy in remaining free from suspicion-based contraband searches. See Bell, 441 U.S. at 557.

Other courts which have considered the issue have concluded that no Fourth Amendment claim lies because civil detainees do not have a reasonable expectation of privacy in their rooms. Rainwater v. Bell, No. 2:10-cv-1727 GGH P, 2012 WL 3276966, at *11 (E.D.Cal. Aug. 9, 2012) (finding, on summary judgment, that civil detainee did not have a reasonable expectation of privacy in his jail cell); Gomez v. Davis, No. 2:10-cv-708-FtM-29DNF, 2011 WL 1058919, at *2-3 (M.D.Fla. Mar. 21, 2011) (civil detainee's Fourth Amendment claim dismissed because he did not have a reasonable expectation of privacy in his dormitory room); Pyron v. Ludeman, Nos. 10-3759 (PJS/JJG), 10-4236 (PJS/JJG), 2011 WL 3293523, at *6 (D.Minn. Jun. 6, 2011) (finding motion to dismiss should be granted because a search of a civil detainee's personal items in his cell does not violate the Fourth Amendment), report and recommendation adopted in full, 2012 WL 1597305 (D.Minn. Jul. 29, 2011); Banda v. Corzine, No. 07-4508 (WJM), 2007 WL 3243917, at *7-8 (D.N.J. Nov. 1, 2007) (Fourth Amendment "illegal search" claim by civil detainees dismissed with prejudice because any expectation of privacy yielded to legitimate governmental interest in keeping facility free of controlled substances); Riley v. Doyle, No. 06-C-574-C, 2006 WL 2947453, at *5 (W.D.Wis. Oct. 16, 2006) (civil detainee denied leave to proceed on Fourth Amendment claim arising out of repeated contraband searches because there is no reasonable expectation of privacy in avoiding routine cell inspections and searches); compare Stearns v. Stoddard, No. C11-5422-BHS-JRC, 2012 WL 1596965, at *3 (W.D.Wash. Apr. 11, 2012) (recognizing that whether a civil detainee housed

in a secure facility has any expectation of privacy in his room is an open question and finding entitlement to summary judgment on Fourth Amendment claim based on qualified immunity), report and recommendation adopted in full, 2012 WL 1597305 (WD.Wash. May 7, 2012). Accordingly, the Court finds that Plaintiff does not have a reasonable expectation of privacy in his room at CSH under the circumstances alleged and his Fourth Amendment claim fails as a matter of law. It shall be dismissed, with prejudice.

### 2. Equal Protection Claim

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F. 3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Although Plaintiff alleges an equal protection claim, his complaint is devoid of any allegations supporting a claim that Defendant Duvall intentionally discriminated against him.

### 3. Due Process Claims

#### a. Property Deprivation

The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974), and Plaintiff has a protected interest in his personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Authorized, intentional deprivations of property are actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due

Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted).

In this instance, while Plaintiff alleges that his personal property was confiscated, he fails to allege any facts supporting a claim that he was denied the procedural due process he was due.

### b.     Privacy Claim

Finally, Plaintiff alleges that videotaping his person and his bed area during the search of his room violated his right of privacy.

"[O]ne aspect of the liberty protected by the Due Process Clause of the Fourteenth Amendment is a right of personal privacy or a guarantee of certain areas or zones of privacy." Marsh v. County of San Diego, 680 F.3d 1148, 1153 (9th Cir. 2012) (citing Carey v. Population Servs. Int'l, 431 U.S. 678, 684, 97 S.Ct. 2010 (1977)) (internal quotation marks omitted).  However, "rights found in the guarantee of personal privacy are limited to those which are fundamental or implicit in the concept of ordered liberty." Grummett v. Rushen, 779 F.2d 491, 493-94 (9th Cir. 1985) (citing Roe v. Wade, 410 U.S. 113, 152, 93 S.Ct. 705 (1973)) (internal quotation marks omitted).

While Plaintiff retains a limited right of privacy while civilly committed, his complaint is devoid of any facts which suggest that videotaping the room search infringed upon that right.

### III.    Conclusion and Order

In conclusion, Plaintiff's complaint fails to state any claims under section 1983.[1]  With the exception of Plaintiff's Fourth Amendment claim, some of the deficiencies may be capable of being cured through amendment and therefore, the Court will provide Plaintiff with the opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

---

[1] Given Plaintiff's failure to state any claims under federal law, the Court declines to reach whether or not Plaintiff may have redress available under state law.  28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's Fourth Amendment search claim is dismissed, with prejudice, for failure to state a claim;

2. Plaintiff's equal protection and due process claims are dismissed for failure to state a claim, with leave to amend;

3. The Clerk's Office shall send Plaintiff a civil rights complaint form;

4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated:   October 2, 2012                         /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE