# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD JOSE GRIEGO, | CASE NO. 1:11-cv-01676-SKO PC |
| Plaintiff, | SECOND SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| CLIFF ALLENBY, et al., | (Doc. 7) |
| Defendants. | |
| _____/ | |

**Second Screening Order**

**I.     Screening Requirement and Standard**

Plaintiff Leonard Jose Griego, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 4, 2011.  On October 3, 2012, the Court issued a screening order dismissing Plaintiff's Fourth Amendment claim with prejudice and dismissing Plaintiff's remaining claims with leave to amend.  Plaintiff filed an amended complaint on October 25, 2012.

The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are

1

1  not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681

2  (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are

3  accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

4        Under section 1983, Plaintiff must demonstrate that each defendant personally participated

5  in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires

6  the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S.

7  at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of

8  misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d

9  at 969.

10  **II.      Discussion**

11        **A.      Summary of Allegations**

12        Plaintiff, who is a civilly committed patient at Coalinga State Hospital (CSH) in Coalinga,

13  California, names Cliff Allenby, Acting Executive Director of the Department of Mental Health;

14  Pam Ahlin, Executive Director of CSH; Ron Harmon, Chief of Hospital Police at CSH; and Sergeant

15  Jerry Duvall as defendants in this civil action.

16        Plaintiff alleges that on September 16, 2011, at approximately 9:00 a.m., he was detained and

17  his personal bed area, which is located in a dorm shared with four other patients, was searched.

18  Plaintiff was informed that he was suspected of possibly having an internet device, although none

19  was found.

20        Plaintiff alleges that property which was not listed as contraband was confiscated by officers

21  acting at the direction of Defendant Duvall, who stated he was acting at the direction of Defendants

22  Ahlin and Harmon.  Plaintiff alleges that in situations such as this, Defendant Ahlin would be

23  notified and Defendant Allenby would be notified. Plaintiff alleges that the non-contraband property

24  was taken without his permission and except for his video disks, the property has not been returned

25  despite the passage of more than one year.

26

27

28

1        **B.        Due Process Claim**[1]

2        The Due Process Clause of the Fourteenth Amendment of the United States Constitution

3   protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell,

4   418 U.S. 539, 556, 94 S.Ct. 2963 (1974), and Plaintiff has a protected interest in his personal

5   property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  Authorized, intentional deprivations

6   of property are actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532,

7   n.13, 104 S.Ct. 3194 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due

8   Process Clause is violated only when the agency "prescribes and enforces forfeitures of property

9   without underlying statutory authority and competent procedural protections," Nevada Dept. of

10  Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083,

11  1090 (9th Cir. 2003)) (internal quotations omitted).

12       As in his original complaint, while Plaintiff alleges that his personal property was

13  confiscated, he fails to allege any facts supporting a claim that he was denied the procedural process

14  he was due.  The fact that Plaintiff's personal property was confiscated and has yet to be returned,

15  alone, is not sufficient to support a plausible due process claim.  Greene, 648 F.3d at 1019.

16  **III.    Conclusion and Order**

17       Plaintiff's amended complaint fails to state a claim under section 1983.  Plaintiff was

18  previously notified of the deficiencies in his claims and given leave to amend, and based on the

19  nature of the deficiency at issue, further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d

20  1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

21  ///

22  ///

23  ///

24  ///

25  ///

26

27       [1] In the first screening order, the Court dismissed Plaintiff's Fourth Amendment claim with prejudice and
    dismissed Plaintiff's equal protection claim, due process property deprivation claim, and due process privacy claim

28  with leave to amend.  Plaintiff's amended complaint sets forth only facts relevant to a due process property
    deprivation claim.

3

1     Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim

2  under section 1983.

3

4  IT IS SO ORDERED.

5  **Dated:**    **October 31, 2012**                            **/s/ Sheila K. Oberto**
                                                      UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28